IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:16cr23-MHT |
| | ) | (WO) |
| CHRISTOPHER BERNARD PITTS | ) | |

OPINION AND ORDER

This case is before the court on defendant Christopher Bernard Pitts's motion to continue. For the reasons set forth below, the court finds that jury selection and trial, now set for April 4, 2016, should be continued pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a

> judicial officer of the court in which such charge is pending, whichever date last occurs."

§ 3161(c)(1). The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A). In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Pitts in a speedy trial. Pitts's counsel has informed the court that he has recently received several thousand pages of discovery, and that he and an expert he has hired will require a number of months to review it. As Pitts is alleged to have devised a relatively complex scheme by which to

2

defraud the government, this extended period of preparation is not unreasonable.  Especially given that the government does not oppose this motion, and in light of the fact that Pitts is not detained, the court finds that a continuance is warranted in order to allow the defense and its expert sufficient time to review the discovery and prepare for trial.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Christopher Bernard Pitts's unopposed motion to continue trial (doc. no. 11) is granted.

(2) The jury selection and trial, now set for April 4, 2016, are reset for September 6, 2016, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

DONE, this the 16th day of February, 2016.

                                                /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE