IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:16cr023-LSC-WC |
| CHRISTOPHER BERNARD PITTS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court are Defendant's Motion to Suppress (Doc. 29) and Motion to Suppress Statements (Doc. 30). In the Motion to Suppress, alluding generally to the Fourth Amendment, Defendant moves the court to suppress "all items of evidence seized from the Defendant's person, home, automobiles, or any other place under the control of the Defendant[.]" Def.'s Mot. Supp. (Doc. 29) at 1. Without alleging any specific factual circumstances in support of the motion or otherwise lending any context to his request for relief, Defendant argues that whether an individual has consented to a search is a question of fact, and that the Government "bears the burden of proving that the consent was not a function of acquiescence to a claim of lawful authority, but rather was given freely and voluntarily." *Id.* (citing *United States v. Powell*, 236 F.3d 1274 (11th Cir. 2001)).

As for Defendant's Motion to Suppress Statements, Defendant moves the court to "hold a pretrial hearing to determine the voluntariness of any and all statements allegedly made by the defendant which the government intends to use in any manner whatsoever at trial." Def.'s Mot. Supp. State. (Doc. 30) at 1. Once again, without alleging any relevant

factual circumstances, he asserts that the "government must first prove that the statements were made voluntarily" and that such statements "were not obtained in violation of *Jackson v. Denno*, 378 U.S. 368, 376-77 (1964), and *Miranda v. Arizona*, 384 U.S. 436, 468-60 [sic] (1966)." *Id.*

The court's Order on Arraignment (Doc. 7), with regard to pretrial motions, instructs as follows:

> Motions to suppress must allege specific facts which, if proven, would provide a basis of relief.  This court will summarily dismiss suppression motions which are supported only by general or conclusory assertions founded on mere suspicion or conjecture.  **All grounds upon which the defendant relies must be specifically stated in the motion in separately numbered paragraphs in a section of the motion which is labeled "Issues Presented."  Grounds not stated in the "Issues Presented" section of the motion will be deemed to have been waived.**

Order (Doc. 7) at 2 (emphasis in original).  Upon review of Defendant's motions, the undersigned concludes that the motions are due to be summarily denied because they do not comply with the explicit instructions given in the Order on Arraignment.  As detailed above, Defendant's motions are extremely cursory and are completely devoid of the requisite specific factual allegations which, if proven, would entitle Defendant to the relief he requests.  The motions contain only blanket requests to suppress all evidence or statements obtained by the government and allude, generally, to the government's obligation to prove that consent to a warrantless search was freely given and that any statements were voluntarily given.  There are no specific factual allegations about any particular warrantless search, the circumstances of any grant of consent for such a search, and or about the circumstances surrounding any statement given by Defendant.  In short,

then, Defendant's motions, even read as liberally as possible, "are supported only by general or conclusory assertions founded on mere suspicion or conjecture." Order (Doc. 7) at 2. As such, they are due to be summarily denied by the court.

Accordingly, the Magistrate Judge hereby RECOMMENDS that Defendant's Motion to Suppress (Doc. 29) and Motion to Suppress Statements (Doc. 30) be DENIED. Further, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before July 5, 2016**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

DONE this 21st day of June, 2016.

                                              /s/ Wallace Capel, Jr.
                                              UNITED STATES MAGISTRATE JUDGE