IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:16cr023-LSC-WC |
| CHRISTOPHER BERNARD PITTS | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Defendant's Motion to Dismiss Indictment and Request for Grand Jury Transcripts (Doc. 36).  Citing 28 U.S.C. § 1867(e) and Fed. R. Crim. P. 6(b)(1) and (2), "Defendant requests that the Court dismiss the . . . indictment" based upon "his belief that the Grand Jury or an individual juror on the Grand Jury which indicted Defendant lacked legal qualification to serve on the Grand Jury."  Def.'s Mot. Dis. (Doc. 36) at 1.

Twenty-eight U.S.C. § 1367(a) permits a defendant in a criminal case, under certain circumstances regarding the timeliness of the motion, to "move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury."  Likewise, Rule 6(b)(2) of the Federal Rules of Criminal Procedure allows that a "party may move to dismiss the indictment based on an objection to the grand jury or on an individual juror's lack of legal qualification," provided that any such motion "is governed by 28 U.S.C. § 1867(e)."  Section 1867(e) provides that "[t]he procedures prescribed by this section shall be the exclusive means by which a person accused of a Federal crime . . .

may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title."  Subsection (d) of § 1367 spells out, explicitly, what a motion filed pursuant to § 1867(a) must include in order to comply with the statute and warrant a hearing or other further proceedings:

> Upon motion filed under subsection (a), (b), or (c) of this section, containing a sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title, the moving party shall be entitled to present in support of such motion the testimony of the jury commission or clerk, if available, any relevant records and papers not public or otherwise available used by the jury commissioner or clerk, and any other relevant evidence.  If the court determines that there has been a substantial failure to comply with the provisions of this title in selecting the grand jury, the court shall stay the proceedings pending the selection of a grand jury in conformity with this title or dismiss the indictment, whichever is appropriate.

Defendant's motion fails to comply with § 1867, and is therefore due to be denied. Namely, the motion does not contain the requisite "sworn statement of facts which, if true, would constitute a substantial failure to comply with the provisions of this title[.]"  § 1867(d).  Instead, the motion presents, in a single sentence, Defendant's wholly unadorned "belief" that "the Grand Jury or an individual juror on the Grand Jury . . . lacked legal qualification to serve on the Grand Jury."  Def.'s Mot. Dis. (Doc. 36) at 1. This lone sentence, completely devoid of any allegations of material facts respecting the grand jury or any member of that jury, is simply insufficient considering the requirements of § 1867(d).  As such, Defendant's Motion to Dismiss is due to be denied.

Defendant also states that, as part of his motion to dismiss, he "requests the Grand Jury Transcript" related to his indictment "pursuant to FRCP § 6(e)(3)(E)(ii)."  Def.'s Mot. Dis. (Doc. 36) at 1.  Because the Motion to Dismiss is due to be summarily denied,

so too is Defendant's request for a transcript of the grand jury proceedings.   Rule 6(e)(3)(E)(ii) authorizes a court to disclose a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury[.]"   Because Defendant's cursory motion regarding the purported ineligibility of the grand jury or a member of the jury is insufficient, he has made no showing that any ground indeed exists to dismiss the indictment because of any matter that occurred before the grand jury.   Accordingly, he is not entitled to any grand jury transcript pursuant to Rule 6(e)(3)(E)(ii), and any request for such transcript is due to be denied.

Accordingly, the Magistrate Judge hereby RECOMMENDS that Defendant's Motion to Dismiss Indictment and Request for Grand Jury Transcripts (Doc. 36) be DENIED.  Further, it is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation **on or before July 5, 2016**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

DONE this 21st day of June, 2016.

/s/ Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE