IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )        2:16cr23-MHT
                            )           (WO)
CHRISTOPHER BERNARD PITTS   )
```

OPINION AND ORDER

On June 8, 2022, the court held a hearing by videoconference, to discuss defendant Christopher Bernard Pitts's motion to modify his conditions of supervision. Based on the representations made during the hearing the submissions of the parties and after due consideration of the motion, the motion will be denied.

Pitts based his motion on the difficulty his previously agreed-upon home detention and electronic monitoring imposed on (1) his son's boxing career and (2) his potential ability to inspect homes if he is certified in the coming weeks. *See* Pitts's motion (Doc. 167) at 2. During the hearing two issues became apparent. First, Pitts was aware of his son's boxing career when he agreed, just a few months earlier, in February 2022, to the

additional conditions of home detention and electronic monitoring.  Second, Pitts's financial situation needs to be clarified for the court.

While the court is sympathetic to the burden these movement restrictions on Pitts's place on his son and his son's boxing career, any hardship is due to Pitts's own past misconduct and thus is ultimately his responsibility.  The court agrees with the Middle District of Alabama's Probation Office that "[t]he imposition of the 180 days of location monitoring [and home detention] in response to Pitt[s]'s violation conduct was purposeful and proportionate, certain, and realistic to accomplish supervision goals." Probation's Response (Doc. 172) at 2.  Pitt's leaving the country without permission--and after having been specifically denied permission to do so by his supervising probation officer--was a most serious violation.  The modification made in response to this conduct reflected the severity of Pitts's actions.  Given the seriousness of his violation, the early removal, or modification (suggested

2

as a compromise at the June 8 hearing), of the location-monitoring device and home detention prior to the completion of 180 days would send the wrong message to him, and would "undercut the probation officer's ability to effectively supervise him as well as hold him accountable for his noncompliance." *Id*. at 3.  (The court adds that, in light of Pitts's underlying conduct, his recent violations of supervised release, and, most recently, his confusing testimony about his earnings, expenses, and employment, the court has growing doubts about his credibility and trustworthiness.)

The court also has serious concerns over Pitts's unclear financial situation.  During the course of the June 8 hearing, it became apparent that there are many unknowns surrounding Pitts's finances and employment.  The court needs additional information to determine whether the current monthly restitution payment is accurately based Pitts's current finances and the employment he has.  Both are directly related to the conditions of his supervised release.  Therefore, the

court will order Probation to provide additional information as described below.

***

Accordingly, it is ORDERED that:

(1) The motion to modify (Doc. 167) is denied.

(2) Within 21 days of the date of this order, the United States Probation Office shall submit to the court copies of the expense and income reports defendant Pitts has shared with Probation from September 2021 through May 2022.

(3) Within 21 days of the date of this order, the Probation Office shall submit to the court, <u>after conducting its own independent investigation</u>, (a) its determination of the payments defendant Pitts has received from employers through CashApp, Venmo, PayPal, Google Pay, Apple Pay Cash, Zelle, or any similar peer-to-peer payment platform from September 2021 through May 2022; and (b) a list of persons defendant Pitts has worked for and amount of money he has received from each from September 2021 through May 2022.

(4) Within 21 days of the date of this order, the Probation Office shall submit to the court an affidavit from each employer describing and confirming the work defendant Pitts has done for each and the amount of money he has received each from September 2021 through May 2022.

(5) Within 21 days of the date of this order, the Probation Office shall submit to the court an affidavit from United States Probation Officer McClendon describing his supervision of defendant Pitts prior to the modification made in February 2022.

DONE, this the 13th day of June, 2022.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**