IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )       2:16cr23-MHT
                            )          (WO)
CHRISTOPHER BERNARD PITTS    )
```

OPINION

Amendment 821 to the 2023 edition of the Sentencing
Guidelines revised the guidelines applicable to the
calculation of criminal history category with respect
to offenders who earned status points based on the
commission of an offense while serving a criminal
justice sentence, and to the calculation of offense
level for offenders who had zero criminal history
points at the time of sentencing. Following the United
States Sentencing Commission's decision to give
retroactive effect to these changes, this court
established an Amendment 821 Screening Panel,
consisting of representatives of the court, the United
States Attorney's Office, the United States Probation

Office, the Federal Defenders, and the clerk's office, to determine whether a defendant might be eligible for a reduction of sentence. Defendant Christopher Bernard Pitts, citing Amendment 821, filed a motion for sentence reduction, which the court referred to the Panel for recommendation.

Upon consideration of the recommendation of the Amendment 821 Screening Panel, entered January 18, 2024, and after an independent and de novo review of the record, the court adopts the recommendation of the Panel and finds that defendant Christopher Bernard Pitts is not eligible to receive a reduction in sentence pursuant to Amendment 821 because he finished serving his custodial sentence in 2021, and granting a reduction would result in a sentence lower than what he has already served, which is prohibited under the applicable guideline. *See* U.S. Sentencing Guidelines §1B1.10(b)(2)(C) ("Reduction in Term of Imprisonment as a Result of Amended Guideline Range (Policy Statement)") (2023 ed.) ("In no event may the reduced

term of imprisonment be less than the term of imprisonment the defendant has already served."). Accordingly, his motion for sentence reduction pursuant to Amendment 821 must be denied to the extent he requests a reduction of his term of incarceration.

In the motion, Pitts also seeks a reduction in his term of supervised release. However, Amendment 821 does not impact Pitts's term of supervised release because, under the Sentencing Guidelines, the length of a term of supervised release depends on how serious the offense of conviction is under 18 U.S.C. § 3583 and whether it fits into certain categories of offenses, such as sex offenses. *See* U.S. Sentencing Guidelines §5D1.2. In other words, any reduction in criminal history category or offense level based on Amendment 821 would not reduce Pitts's term of supervised release. Thus, Pitts's motion must be denied as to his term of supervised release as well.

An appropriate order denying the motion will be

3

entered.

   DONE, this the 18th day of January, 2024.

                        /s/ Myron H. Thompson
                     UNITED STATES DISTRICT JUDGE